**Keith B. ROMNEY, Plaintiff,**

v.

**RICHARD PROWS, INC., a Utah Corporation, Richard S. Prows and Robert W. Wood, Defendants.**

**No. NC 16–68.**

United States District Court
D. Utah, N. D.

Sept. 2, 1968.

Adam M. Duncan, Salt Lake City, Utah, for plaintiff.

Louis M. Haynie and Mas Yano, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Plaintiff is an attorney and professional consultant on residential condominium projects and multi-unit housing developments. It is asserted in his complaint that "defendants Richard S. Prows and Robert W. Wood, individually and as controlling stockholders and principal officers of defendant Richard

314

Prows, Inc., approached the plaintiff and solicited plaintiff to invest his time and talents in a proposed joint venture, profit sharing agreement, and investment contract, namely, a proposed family formation condominium project which said project thereafter came to be known as the Three Fountains project." It is further alleged that "defendants offered to plaintiff to devote their best efforts and full resources to the said project and to compensate plaintiff for his professional consultation on the basis of one-third of the profits from the proposed purchase, zoning, and resale of land, and one-fourth of the profits from construction and sale of housing units and any other improvements to be constructed on the said land."

Plaintiff further asserts that in reliance on and as a direct result of various misrepresentations plaintiff accepted the offer and proposal of the defendants and fully performed all professional consulting services requisite to the Three Fountains project, expended in excess of 5,000 hours of time of the reasonable value of $50.00 per hour and expended substantial sums of money on overhead, transportation, travel, telephone and related expenses.

Plaintiff claims that jurisdiction over the persons of the defendants and the subject matter of the action arises under Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa), his theory being that the understanding and arrangement between the parties constituted an "investment contract" and/or "profit sharing agreement" and thus a security within the meaning of the federal statute. While there are two pendant claims based upon state law, jurisdiction in this case wholly depends upon the contention that the primary count of the complaint arises under the laws of the United States. Unless it does, all of the counts must fail in this court since there is no diversity of citizenship.

Defendants have moved to dismiss on the ground that the court lacks jurisdiction and on the further ground that the complaint does not state a claim upon which relief can be granted by reason of the statute of limitations. It is necessary to consider here only the jurisdictional question.

I am of the opinion that the allegations of the complaint fail to indicate that this court has jurisdiction since it does not appear that either the agreement between the parties or any phase of it constituted a security within the meaning of either the Securities Act of 1933 or the Securities Exchange Act of 1934. Indeed, as far as the complaint discloses, the agreement of the parties was a joint venture or partnership agreement, incompatible with the minimum requisites for a "security." Plaintiff cites SEC v. W. J. Howey, 328 U.S. 293, 67 S.Ct. 1100, 90 L.Ed. 1244 (1946); Continental Marketing Corp. v. SEC, 387 F.2d 466 (10th Cir. 1967); and Pawgan v. Silverstein, 265 F.Supp. 898 (S.D.N.Y.1967) as an indication of the liberal interpretation accorded to the term "securities" by the courts. Unless the federal statutes are to be applied to all partnership or joint venture agreements allegedly induced by fraud, however, these and other authorities do not support the plaintiff's position. In *Continental* Judge Lewis again made it clear that the doctrine of that case will not apply when profits are substantially dependent upon the efforts of investors; the same is implicit in the other cases cited.

In an affidavit in opposition to defendant's motion plaintiff seeks to mitigate the idea that there was a partnership, or, despite the language of the complaint, a joint venture between the parties. In the affidavit it is alleged that the defendants expressly requested affiant to agree to become a partner with defendants and to enter into a partnership agreement with defendants respecting said condominium project and affiant expressly refused to enter into any such partnership agreement; that the plaintiff was not liable for any possible losses, debts, obligations, cost financing, contingent financial guarantees or other

commitments of defendants incurred in the development, that he was never a co-owner of any property or business involved in the Three Fountains project, and that except as set forth in the complaint he never participated in any of the extensive other building and development activities of the defendants. It is further alleged that defendants at all times claimed and asserted the absolute sole and final authority, right and responsibility of making all decisions respecting the Three Fountains project, and that affiant was never salaried and that the individual defendants were. It is further alleged that the condominium units of the said Three Fountains project were widely offered by the defendants to the general public as sound investments and were sold by defendants to at least 175 purchasers residing in Utah and other western states.

As against the motion to dismiss on the pleadings, the additional allegations of the Affidavit do not help the complaint if, indeed, the complaint is insufficient to confer jurisdiction upon this court. This is not a case where the court has or could accept other documents and treat the motion to dismiss the complaint as one for summary judgment. Fed.R.Civ.P. 12(b). We are concerned here with jurisdiction, which must appear from the face of the complaint and not with a mere motion to dismiss for alleged failure of the pleadings to state a claim upon which relief can be granted.

The Affidavit, however, does give us an assurance either that the complaint can properly be amended to show federal question jurisdiction if it exists or that the indications on the face of the complaint that jurisdiction does not exist are real and irremediable. We think the latter assurance is evident here.

The affidavit really does not change the situation apparent from the complaint, that is, that the parties plaintiff and defendant united in a joint venture, each to contribute substantial services or capital or both in furtherance of the venture, and each to participate in the profits. The sequence or order of the contribution does not appear to be material. Whether the plaintiff was to complete his part of the contribution before the defendants were to proceed with theirs does not appear significant but the significant facts are that upon the basis of a joint venture involving substantial contributions in its furtherance the parties were to divide not the gross receipts but the net receipts or profits. Under Utah law this establishes at least prima facie the existence of a partnership and I suspect that no matter what the agreement of the parties might have been between themselves as to the non-existence of such a partnership, third parties might not be bound by the understanding between the parties that there should be no partnership liability on the part of plaintiff. The plaintiff relies strongly upon the case of Pawgan v. Silverstein, supra, where a "partnership agreement" was held to constitute a security. Said Judge Metzner: "It is obvious that this venture was not a general partnership in the accepted sense, and calling it one does not properly reflect its real business form." Paraphrasing the language as applied to our essentially different case, it may be said that it is obvious that this venture bears the indicia of a partnership in the accepted sense, and calling it something else does not properly reflect its real business character.

But it is unnecessary to determine what ruling might ultimately be made on the question of partnership upon the suit of a creditor or otherwise. The crucial circumstance is that it clearly appears that the plaintiff was not an investor whose prospective profits depended solely upon the efforts of others but was a participant in a joint venture, the success of which depended to an important degree upon his services and activity in the venture. What is a security must of necessity be measured by some line of demarcation and however liberally the line may have been drawn by the authorities or reasoning relied

upon by the plaintiff, my judgment tells me that the agreement in question should be and is on the other side of that line.

The motion to dismiss the complaint for lack of jurisdiction is granted.